IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIAMOND BAR CATTLE COMPANY, et al.,

    Plaintiffs,

vs.                                                                        Civil No. 96-437

UNITED STATES OF AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## FINDING THE PARTNERSHIP PLAINTIFFS IN DEFAULT

THIS MATTER comes before the Court *sua sponte* and pursuant to previous Orders in this case. By Orders filed September 3, 2003 [Docket No. 71] and September 23, 2003 [Docket No. 74], the Court Ordered that the Diamond Bar Cattle Company and Laney Cattle Company (Partnership Plaintiffs) maintain representation by counsel in accordance with D.N.M.LR-Civ. 83.7. The Court also warned that failure to maintain representation would result by legal counsel could result in a finding that the Partnership Plaintiffs are in default. The Court's Order filed September 3, 2003 [Docket No. 71] noted that Partnership Plaintiffs had terminated the services of Dixon, Scholl & Bailey, P.A. and Steven S. Scholl, the attorney of record for Partnership Plaintiffs. The Court further noted that attorney Scholl continued to be the attorney of record until such time as he was permitted to withdraw from the case, but that the Court anticipated that attorney Scholl would move to withdraw based on the termination of his representation by his

clients.  The Court specifically warned the Partnership Plaintiffs to not allow the Partnership Plaintiffs to become unrepresented under these precise circumstances.

On September 23, 2003, a motion was filed by Dixon, Scholl & Bailey, P.A. and Steven S. Scholl to withdraw as counsel for Partnership Plaintiffs [Docket No. 75].  The motion was based on the Partnership Plaintiffs' termination of the representation.  The motion represented that attorney Scholl warned Partnership Plaintiffs that failure of the partnerships to maintain representation by counsel could result in various sanctions including an entry of default against the Partnership Plaintiffs.

This Court granted the motion to withdraw by Order filed October 1, 2003 [Docket No. 85].  Accordingly, the Partnership Plaintiffs are now in violation of this Court's previous Orders.  Thus, this Court finds that the Diamond Bar Cattle Company and Laney Cattle Company are now in default with regard to this case.

A party, by its default, admits the opposing party's allegations of fact and is precluded from challenging those facts.  <u>Olcott v. Delaware Flood Co.</u>, 327 f3d 1115, 1125 (10th Cir. 2003).  In Defendants' Motion for Order to Show Cause and Memorandum in Support of Motion for Order to Show Cause, Defendants allege that Plaintiffs are grazing cattle on United States Government National Forest System lands without a grazing permit in violation of the Court's Final Judgment entered April 3, 1997 [Docket No. 44] enjoining Plaintiffs from grazing their livestock on the lands in Gila National Forest and the Apache National Forest without a permit from the U.S.  Forest Service, ordering them to physically remove their cattle from National Forest System lands, and ordering Plaintiffs to pay to the United States Government specified damages.  Defendants state that no grazing permits have been issued to Plaintiffs since 1996.

**CONCLUSION**

IT IS THEREFORE ORDERED that Diamond Bar Cattle Company and Laney Cattle Company (Partnership Plaintiffs) are in DEFAULT in this case and thereby admit Defendants' allegations of fact. Thus, the Court hereby FINDS that:

1. Partnership Plaintiffs were ordered to physically remove their cattle from National Forest Systems lands by the Court's Final Judgment entered April 3, 1997.

2. Partnership Plaintiffs were enjoined from grazing their livestock on lands in the Gila National Forest and the Apache National Forest without a permit from the U.S. Forest Service.

3. Partnership Plaintiffs do not have grazing permits issued by the U.S. Forest Service allowing them to graze livestock on the lands in the Gila National Forest or the Apache National Forest.

4. Partnership Plaintiffs, their privies and/or their successors in interest are currently grazing cattle on lands in the Gila National Forest or the Apache National Forest.

IT IS FURTHER ORDERED that Defendants shall submit a brief to the Court with regard to Partnership Plaintiffs specifying the relief sought including deadlines for compliance with injunctive orders, proposed methods of enforcement, proposed methods of ongoing and future enforcement that require limited or no judicial intervention and accompanying evidence to support any request for damages.

IT IS FURTHER ORDERED that Defendants and the Laney Plaintiffs shall brief the Court on the preclusive effect, if any, of this Order on the Laney Plaintiffs.

IT IS FINALLY ORDERED that all briefs are due no later than October 21, 2003 and must comply the Federal Rules of Civil Procedure and with the page limits for motions contained in D.N.M.LR-Civ. 7.7 and page limits for exhibits contained in D.N.M.LR-Civ. 10.5 except that parties may not agree to exceed the page limits for exhibits and such page limit may only be exceeded by Order of this Court.  Any brief or pleading filed not in conformance with the Federal Rules of Civil Procedure and the local rules for the United States District Court for the District of New Mexico will be stricken from the record.

_____
UNITED STATES DISTRICT JUDGE