# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DIAMOND BAR CATTLE COMPANY, et al.,

    Plaintiffs,

vs.                                              Civil No. 96-437 WJ/LFG

UNITED STATES OF AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING ENVIRONMENTAL APPLICANTS' MOTION TO INTERVENE AND GRANTING MOTION TO WITHDRAW

THIS MATTER comes before the Court pursuant to the Environmental Applicants' Motion to Intervene [Docket No. 78] and Motion to Withdraw [Docket No. 76].

The United States does not oppose the Environmental Applicants' Motion to Intervene. While the Laneys stated their opposition to the motion, they have filed no brief in opposition. Moreover, I find pursuant to Fed. R. Civ. P. 24(a) that the application to intervene was timely, that the Environmental Applicants claim an interest relating to the property or transaction which is the subject of this action, that the Environmental Applicants' interests may be impaired or impeded; and that the Environmental Applicants' interests are not adequately represented by existing parties.

The intervenor applicants initially moved to intervene in this case on August 19, 1996. This was little more than four months after the Complaint was filed on April 1, 1996. That motion was denied as moot on December 4, 1996 within the same Memorandum Opinion and

Order in which the Court granted summary judgment in favor of the United States. The intervenor applicants filed a new motion to intervene on September 24, 2003 which essentially renews their original motion. None of the parties is arguing that the application was not timely.

The Tenth Circuit requires that an applicant's interest in the proceedings be direct, substantial, and legally protectable. Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior, 100 F.3d 837, 839 (10th Cir. 1996) (hereinafter Coalition) Whether an interest is sufficient to warrant intervention is highly fact specific. Id. at 841. The purpose of the "interest" test is to involve as many apparently concerned persons in a lawsuit as is compatible with efficiency and due process in order to facilitate disposition of lawsuits. Id. The Tenth Circuit has tended to follow a somewhat liberal line in allowing intervention. Id.

In Coalition, an economic interest group brought suit against the Department of Interior seeking to have the Mexico Spotted Owl delisted as an endangered species. A wildlife photographer sought to intervene in the action in order to prevent the delisting. The District Court denied the photographer's motion to intervene. Id. The Tenth Circuit reversed. Id. The Tenth Circuit found that the wildlife photographer had a direct, substantial, and legally protectable interest in the proceedings.

In Utah Association of Counties v. Clinton, 255 F.3d 1246 (10th Cir. 2001) ( hereinafter Utah Counties), counties filed suit to invalidate a Presidential proclamation establishing a national monument. Environmental organizations and tourism-related businesses moved to intervene. The district court denied the motion to intervene. The Tenth Circuit reversed finding that the groups met all of the requirements for intervention as of right. Id. In finding that the groups had a direct, substantial, and legally protectable interest in the proceedings, the court noted that the Supreme Court has stated that "the desire to use or observe an animal species, even for purely esthetic

2

purposes, is undeniably a cognizable interest for purposes of standing." Id. at 1252 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-63 (1992)).

In this case, the intervenor applicants are various environmental groups that claim the type of interests found to be valid in Coalition and Utah Counties.  None of the parties argues that the intervenor applicants do not have direct, substantial, and legally protectable interests in these proceedings.

In determining whether an applicant's interest may be impaired or impeded, the Tenth Circuit has held that the question of impairment is not separate from the question of existence of an interest.  Utahns for Better Transportation v. United States Dep't of Transportation, 295 F.3d 1111, 1116 (10th Cir. 2002) (hereinafter Utahns).  To satisfy this element, an intervenor applicant must show only that impairment of its interest is possible if intervention is denied.  Utah Counties, 255 F.3d at 1253.  This burden is minimal.  Id.

In this case, all the intervenor applicants must show to meet this element is that, if the Court were to decide in favor of the Laneys and against the United States, the applicants' interests might be impaired.  None of the parties argues that impairment of the applicants' interests is not possible.

In order to show that its interests are not adequately represented by existing parties, an applicant need only meet the minimal burden of showing that representation may be inadequate. Utah Counties, 255 F.3d at 1254.  The possibility that the interests of the applicant and the parties may diverge need not be great.  Id.  A federal agency must represent the public interest which may differ from an applicant's particular interest.  Id. at 1255.  An applicant's interest may not be adequately represented by a government entity that must represent the broader public interest.  Id. Even when an applicant's objectives and those of the government appear to be identical, "the

3

government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation." Id. at 1255-56.  In Utah Counties, the government took no position with regard to the motion to intervene, and the Tenth Circuit found that the government's silence on any intent to defend the applicants' special interests was "deafening." Id. at 1256.

In this case, both the intervenor applicants and the United States seek to have the trespassing cattle removed from the federal lands.  However, the government has not asserted that it will defend the applicants' special interests and has not opposed the applicants' motion to intervene.

In light of the above, and considering that the motion is essentially unopposed, I find the motion to intervene is well taken and will be granted.  I will also grant the Environmental Applicants' Motion to Withdraw as Attorney and Appointment of Substitute Attorney [Docket No. 76].

**CONCLUSION**

IT IS THEREFORE ORDERED that the Environmental Applicants' Motion to Intervene [Docket No. 78] is hereby GRANTED.

IT IS FURTHER ORDERED that the Environmental Applicants' Motion to Withdraw as Attorney and Appointment of Substitute Attorney [Docket No. 76] is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE

4