# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
———————

DIAMOND BAR CATTLE COMPANY, et al.,

      Plaintiffs,

vs.                                                                          Civil No. 96-437 WJ/LFG

UNITED STATES OF AMERICA, et al.,

      Defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE UNITED STATES'**
**MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATION OF FINAL**
**JUDGMENT AND FOR AWARD OF GRAZING FEES AND DAMAGES**
**and**
**ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court pursuant to the Government's Motion for Order
to Show Cause for Violation of Final Judgment and for Award of Grazing Use Fees and Damages
[Docket No. 55].  Upon review of the evidence and argument presented at this hearing, the
submissions of the parties, and the applicable law, the Court issues its Findings of Fact and
Conclusions of Law as follows:

**BACKGROUND**

A detailed history of this case is contained in this Court's Memorandum Opinion and
Order filed November 21, 2003 [Docket No. 96].  Accordingly, there is no need for the Court to
again iterate the entire history of this case.  The Court hereby adopts the Background information
in that Memorandum Opinion and Order [Docket No. 96] as part of the findings of fact for

purposes of this Order.  I also adopt the conclusions of law from that Memorandum Opinion and Order [Docket No. 96] for purposes of this Order.

**FINDINGS OF FACT**

1.  This Court previously determined that the Laney Allotment and Diamond Bar Allotment were National Forest Service land and that neither the Diamond Bar Cattle Company nor the Laney Cattle Company had any legal right of possession or use of these lands.  See Memorandum Opinion and Order filed December 4, 1996 granting summary judgment in favor of Defendant United States. [Docket No. 26].

2.  This Court previously enjoined the Diamond Bar Cattle Company and Laney Cattle Company from grazing livestock on the Gila and Apache National Forests until they obtained authorization from the Forest Service.  See Memorandum Opinion and Order filed December 4, 1996 [Docket No. 26] (hereinafter 1996 Order).

3.  In accordance with the 1996 Order, and after a calculation of damages, this Court previously entered judgment in favor of the Defendant.  See Judgment filed April 3, 1997 [Docket No. 44] (hereinafter the 1997 Judgment).

4.  The Diamond Bar Cattle Company and Laney Cattle Company appealed the 1997 Judgment.  See Notice of Appeal [Docket No. 45].

5.  The Tenth Circuit Court of Appeals affirmed the 1997 Judgment in favor of the United States and held that neither the Diamond Bar Cattle Company nor the Laney Cattle Company held a vested property right to graze livestock on the Laney Allotment or the Diamond Bar Allotment.  Diamond Bar Cattle Co. v. United States, 168 F.3d 1209, 1217 (10th Cir. 1999).

2

6.      Diamond Bar Cattle Company and Laney Cattle Company are partnerships, and Kit and Sherry Laney are the sole partners in both the partnership.  See Diamond Bar Cattle Co., 168 F.3d at 1210; see also Notice of Substitution filed August 29, 2003 [Docket No. 70].

7.      Kit and Sherry Laney participated in the litigation of this case from its inception in 1996 as the sole partners of Diamond Bar Cattle Company and Laney Cattle Company.  See e.g., Affidavit of Kit Laney attached to Plaintiffs' Response to Motion for Summary Judgment [Docket No. 17].

8.      On March 31, 2003, the Laney Cattle Company filed in Catron County, New Mexico a Declaration of Ownership declaring that it owned the Laney Allotment.  See Exhibit A p. 25 to Plaintiffs' Response to Order [Docket No. 94].

9.      Kit and Sherry Laney signed the Laney Cattle Company Declaration of Ownership.  See Id.

10.     On March 31, 2003, the Laney Cattle Company, by Warranty Deed filed in Catron County, granted to Kit and Sherry Laney its "fee interest" in the Laney Allotment.  See Exhibit A p. 32 to Plaintiffs' Response to Order [Docket No. 94].

11.     Kit and Sherry Laney signed the Warranty Deed on behalf of the Laney Cattle Company. See Id.

12.     On April 14, 2003, the Diamond Bar Cattle Company filed in Catron County a Declaration of Ownership declaring that it owned the Diamond Bar Allotment.  See Exhibit A p. 2 to Plaintiffs' Response to Order [Docket No. 94].

13.     Kit and Sherry Laney signed the Diamond Bar Cattle Company Declaration of Ownership. See Id.

14. On April 14, 2003, by three separate Warranty Deeds filed in Catron, Grant and Sierra Counties, New Mexico, respectively, the Diamond Bar Cattle Company sold its "fee interest" in the Diamond Bar Allotment to Kit and Sherry Laney.  See Exhibit A pp. 13, 16, 20 to Plaintiffs' Response to Order [Docket No. 94].

15. Kit and Sherry Laney signed the Warranty Deeds on behalf of the Diamond Bar Cattle Company.  See Id.

16. On April 15, 2003, the Diamond Bar Cattle Company sold its brand and all of its livestock to Kit and Sherry Laney.  See Exhibit B to Plaintiffs' Memorandum in Support of Opposition [Docket No. 62].

17. In mid-April of 2003, John D. Pierson, District Range Staff Officer of the Quemado Ranger District, was made aware of possible unauthorized livestock on the Laney Allotment.  See Exhibit 1 to United States' Brief [Docket No. 88].

18. In mid-April of 2003, Jerry A. Monzigo, Forest Fisheries Biologist for the Gila National Forest, was made aware of possible unauthorized livestock on the Diamond Bar Allotment. See Exhibit 2 to United States' Brief [Docket No. 88].

19. Pierson observed cattle on the Laney Allotment on May 24, 2003.  These cattle bore brands registered to an Alvin Laney.  See Exhibit 1 to United States' Brief [Docket No. 88].

20. Monzigo observed cattle on the Diamond Bar Allotment on April 23, 2003.  These cattle bore various brands registered to Diamond Bar Cattle Company, Kit Laney and Sherry Laney, respectively.  See Exhibit 2 to United States' Brief [Docket No. 88].

21.     On April 29, 2003, Annette Chavez, District Ranger for the Wilderness Ranger District, United States Department of Agriculture sent a letter to the Laneys informing them that their cattle had been observed on the Diamond Bar Allotment, noting that no grazing permit authorized any grazing on that land, and informing the Laneys that the cattle must be removed.  See Attachment 1, Exhibit B to Defendants' Memorandum in Support [Docket No. 56].

22.     The grazing of livestock on the Laney and Diamond Bar Allotments was not authorized by the United States.  See Id.

23.     On May 6, 2003, Kit Laney sent a letter to Annette Chavez of the Wilderness Ranger District.  In this letter, Kit Laney asserted that the Laneys own a fee interest in the Diamond Bar Allotment, stated that the Diamond Bar Allotment is not federally owned land, and advised that, in light of this, the United States should forego any action with regard to cattle on the Diamond Bar Allotment.  See Attachment 2, Exhibit B to Defendants' Memorandum in Support [Docket No. 56.

24.     On May 20, 2003, Kit Laney sent a letter to Janice Stevenson of the Quemado Ranger District. This letter stated that the Laneys own a fee interest in the Laney Allotment and contended that the Laney Allotment is not federal land.  The letter informed the United States that the Laneys had leased their fee interest in the Laney Allotment to Alvin Laney and urged the United States to take no action with regard to Alvin Laney's cattle on the Laney Allotment because the Laney Allotment is not federal land.  See Attachment 1, Exhibit 1 to United States' Brief [Docket No. 88].

25.    On June 9, 2003, the United States filed a motion for Order to Show Cause why Plaintiffs

should not be held in contempt for violation of the final judgment in this case [Docket No.

55].

26.    On August 20, 2003, the Laneys signed notices of Dissolution of Partnership for both the

Laney Cattle Company and the Diamond Bar Cattle Company.  See Exhibit A pp. 23, 35

to Plaintiffs' Response to Order [Docket No. 94].

27.    Plaintiffs filed the Notices in Catron County on August 29, 2003.  See Id.

28.    Plaintiffs represented to the Court that the Diamond Bar Cattle Company and Laney

Cattle Company could not be in violation of the Court's Judgment because the

Partnerships were no longer in the cattle business.  See Plaintiff's Response [Docket No.

60]; Notice of Substitution [Docket No. 70].

29.    On October 2, 2003, the Court filed a Memorandum Opinion and Order finding the

Partnership Plaintiffs in default based on the failure to maintain legal representation

[Docket No. 87].

**CONCLUSIONS OF LAW**

1.    The Laneys are bound by the Court's 1996 Order and the 1997 Judgment.  See

Memorandum Opinion and Order filed November 21, 2003 [Docket No. 96]; Diamond

Bar Cattle Co. v. United States, 168 F.3d at 1210.

2.    Notwithstanding whatever documents the Laneys prepared, executed and/or filed of

record referenced in the above stated Findings of Fact, the Laneys do not now hold and

have never held a vested property right to graze cattle on National Forest Service lands or

other federal public lands including the Laney Allotment and Diamond Bar Allotment.  See

Memorandum Opinion and Order filed November 21, 2003 [Docket No. 96]; <u>Diamond Bar Cattle Co.</u>, 168 F.3d at 1217.

3.    The Laneys knew of the 1996 Order and the 1997 Judgment Enjoining the Diamond Bar Cattle Company and the Laney Cattle Company from grazing livestock on the Gila and Apache National Forests until they obtained authorization from the Forest Service.  <u>See</u> Findings of Fact Nos. 6, 7, 28.

4.    The Laneys knew of the 1996 Order and the 1997 Judgment as well as the Tenth Circuit decision that neither the Diamond Bar Cattle Company nor the Laney Cattle Company held a vested property right to graze livestock on the Laney Allotment or the Diamond Bar Allotment.  <u>See</u> Findings of Fact Nos. 6, 7.

5.    The placement of livestock on the Laney and Diamond Bar Allotments was not authorized by the United States.  <u>See</u> Finding of Fact Nos. 21, 22.

6.    The Laneys knew that the United States had not authorized grazing on the Diamond Bar or Laney Allotments.  <u>See</u> Findings of Fact Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16.

7.    The Laneys caused to be placed livestock on the Laney and Diamond Bar Allotments.  <u>See</u> Findings of Fact Nos. 19, 20, 23, 24.

8.    The placement of livestock on the Laney and Diamond Bar Allotments was in direct violation of the 1996 Order, the 1997 Judgment and the Tenth Circuit opinion in <u>Diamond Bar Cattle Co.</u>, 168 F.3d at 1217.

9.    In a civil contempt proceeding, the party claiming that a court order has been violated has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the alleged contemnor had knowledge of the order, and that the alleged contemnor

disobeyed the order.  <u>Reliance Ins. Co. v. Mast Constr. Co.</u>, 159 F.3d 1311, 1315 (10th Cir. 1998).

10.    The United States has met its burden in this case by showing that the 1996 Order and the 1997 Judgment are valid, that the Laneys are bound by the 1996 Order and the 1997 Judgment, that the Laneys knew of the 1996 Order and the 1997 Judgment, and that the Laneys disobeyed the 1996 Order and the 1997 Judgment.

11.    The Laneys are in Contempt of this Court for violation of this Court's 1996 Order and the 1997 Judgment.

12.    The United States has authority,  pursuant to 36 C.F.R. §262.10 and the common law doctrine of trespass, to remove and impound unauthorized livestock from National Forest lands and need not seek or obtain a court order to do so.

**THEREFORE,**

       **IT IS ORDERED** that the Government's Motion for Order to Show Cause for Violation of Final Judgment and for Award of Grazing Use Fees and Damages [Doc. 55] is hereby GRANTED.  The appropriate forms of orders for injunctive and monetary relief shall issue in accordance with the Court's instructions announced on the record at the December 18, 2003 hearing.

_____
UNITED STATES DISTRICT JUDGE