## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

DIAMOND BAR CATTLE COMPANY.
LANEY CATTLE COMPANY, KIT LANEY,
and SHERRY LANEY,

      Plaintiffs,

and                                                  Civil No. 96-437 WJ/LCS

NATIONAL WILDLIFE FEDERATION; GILA
WATCH; NEW MEXICO WILDLIFE FEDERATION;
RIO GRANDE CHAPTER OF TROUT UNLIMITED;
WILDERNESS WATCH; and CENTER FOR
BIOLOGICAL DIVERSITY,

      Intervenors,

v.

UNITED STATES OF AMERICA,
ANN VENEMAN, Secretary of the United
States Department of Agriculture, and U.S.D.A.
Forest Service,

      Defendants.

### MEMORANDUM OPINION AND ORDER ON PARTIAL DAMAGES AND RETENTION OF JURISDICTION TO DETERMINE FINAL DAMAGES

      THIS MATTER comes before the Court pursuant to this Court's Order and Supplemental

Injunction filed December 22, 2003 [Docket No. 102], the United States' Memorandum

Proposing Assessment of Damages Against Kit Laney, Sherry Laney, Laney Cattle Company and

Diamond Bar Cattle Company Resulting From Their Violation of Court Orders [Docket No.

105], Laneys' Notice of Non-Consent to United States' Memorandum Proposing Assessment of

Damages Against Laneys [Docket No. 107], Plaintiffs' Affidavit of Truth in Support of Notice of

Non-Consent to United States' Memorandum Proposing Assessment of Damages Against

Plaintiffs [Docket No. 108] and Environmental Intervenors' Response to the United States'

Memorandum Proposing Assessment of Damages [Docket No. 109].

      By the Order and Supplemental Injunction filed December 22, 2003 [Docket No. 102],

the Court found the Laneys in contempt of this Court's prior Orders and Judgment in this case

and ordered the removal of all trespassing livestock from Forest Service lands.  Additionally, the

Court ordered that damages resulting from the Laneys' contumacious conduct would be

determined at a later date.  The United States was ordered to file an assessment of damages

within 30 days of the filing of the Order and Supplemental Injunction.  In response to this Order,

the United States filed its Memorandum Proposing Assessment of Damages [Docket No. 105].

The Order and Supplemental Injunction permitted Plaintiffs and Intervenors to respond to the

Government's memorandum within 15 days from the date of service.  The Laneys timely filed

their Notice of Non-Consent [Docket No. 107] and Affidavit of Truth [Docket No. 108] in

response to the United States' Memorandum.  The Intervenors also filed a response to the United

States' Memorandum.  The Intervenors endorse the United States' request for damages.  While

the Laneys generally object to any assessment of damages based on their continued belief that

they have a right to graze livestock on the Laney and Diamond Bar Allotment, they do not

specifically object to the United States' categories or calculations of damages.  Thus, the Court

finds that a hearing would not assist in determining the damages.

      The United States requests as part of their damages grazing fees for the unauthorized

grazing on National Forest System lands.  "Grazing without Forest Service authorization on

National Forest System lands is subject to assessment of an 'unauthorized grazing use rate.'"  36

C.F.R. § 222.5(h). The United States has presented evidence supporting an assessment of unauthorized grazing fees in the amount of $26,789.40 for unauthorized grazing on the Diamond Bar Allotment through December 31, 2003 with an additional $108.90 per day for each day after December 31, 2003. The United States has also presented evidence supporting an assessment of unauthorized grazing fees in the amount of $6,197.40 for unauthorized grazing on the Laney Allotment through January 22, 2004 with an additional $11.55 per day[1] for each day after January 22, 2004. The Laneys have not objected to the United States' calculation of unauthorized grazing fees, and the Intervenors specifically endorse the United States' request for unauthorized grazing fees.[2] As of January 31, 2004, the damages for unauthorized grazing on both the Laney and Diamond Bar Allotments is $36,466.65.

The United States requests as part of their damages the cost of resource monitoring. The United States provides evidence that the cost of resource monitoring has been $9,173. The Laneys have not objected to the United States' calculation of these damages. The Environmental Intervenors endorse this request for damages.

The United States asks for damages for resource damage assessment. The United States urges that it will ultimately be entitled as damages an amount of money sufficient to restore areas damaged by the trespass of the livestock. However, in order to determine the amount of money

---

[1] The evidence shows 35 head from October 10, 2003 through January 22, 2004. Assuming continued grazing by 35 head per month at the National Agricultural Statistics Service fee rate of $9.90 per head month, the monthly unauthorized grazing fee for the Laney Allotment is $346.50. Assuming a 30-day month, the daily fee is $11.55.

[2] As noted, the Laneys generally object to any assessment of damages. They urge that the United States has no administrative authority over the Laney and Diamond Bar Allotments and that the Laneys have fee title to these lands. As noted in a multitude of prior Orders and Opinions, these arguments are without merit.

needed to restore these areas, the United States must ascertain the type and extent of damage to these areas. The United States calculates that this assessment will cost $18,000. The Laneys do not dispute that the damages from the trespassing livestock include the costs of restoration or the costs of assessing the amount of money sufficient to restore the areas on which the trespass occurred. The Environmental Intervenors endorse this request for damages.

The Environmental Intervenors request the Court award specific damages for costs incurred by the United States as a result of the Laneys' "intransigence and threat." See Docket No. 109 p. 2. The Intervenors urge that the Laneys have engaged in conduct that may result in increased costs to the United States in the form of additional law enforcement personnel and additional time spent notifying various law enforcement agencies of the Orders of this Court. The Court will not award these as a specific category of damages. Many of these additional costs are already incorporated in the prior Orders of this Court.[3]

The United States notes that it cannot calculate the final damages for unauthorized grazing until all trespassing livestock have been removed, counted and categorized. Additionally, the amount of damages to restore areas on which livestock have trespassed cannot be ascertained until the resource damages assessment has been completed. The United States contends this will take several weeks. The Intervenors endorse the payment of damages for the costs of restoring damaged resources, and also endorse the United States' proposal that it provide

---

[3]See Order and Supplemental Injunction filed December 22, 2003 [Docket No. 102] p. 3 in which the Court provides that any livestock removed by the United States shall be sold with proceeds going to the Forest Service to cover the costs of gathering, impounding, hauling and feeding the livestock. If additional law enforcement personnel are required for the gathering, impounding and hauling of livestock, these costs would be part of the costs reimbursed by the sale of the livestock.

a subsequent report to the Court on the amount of these damages.  Therefore, this Court will retain jurisdiction to determine the final damages for unauthorized grazing and resource damage. The United States is ordered to provide the Court with a final calculation of damages by June 1, 2004.  Plaintiffs and Intervenors may respond to the United States' calculation within fourteen days of the filing of the calculation.

IT IS THEREFORE ORDERED that the Defendant United States recover of the Plaintiffs, Diamond Bar Cattle Company, Laney Cattle Company, Kit Laney and Sherry Laney, jointly and severally the sum of $63,639.65, with interest thereon at the rate of 1.28 percent as provided by law.

IT IS FURTHER ORDERED that this Court specifically retains jurisdiction to determine damages for unauthorized grazing from February 1, 2004 through the date of the final judgment, to determine resource damages and to render a judgment for costs.

IT IS FINALLY ORDERED that the United States provide the Court with a final calculation of damages no later than June 1, 2004.

UNITED STATES DISTRICT JUDGE

5